UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WB MUSIC CORP., WARNER-TAMERLANE PUBLISHING CORP., COTILLION MUSIC, INC., NOONTIME TUNES AND W.B.M. MUSIC CORP.,<br><br>**Plaintiffs,**<br><br>**versus**<br><br>CASH MONEY RECORDS, INC., RONALD WILLIAMS AND BRYAN WILLIAMS,<br><br>**Defendants** | CIVIL ACTION NO.  2:07-cv-07560<br><br>SECTION A (ZAINEY)<br><br>MAGISTRATE 1 (SHUSHAN) |

## DEFENDANTS' DEFENSES AND ANSWERS TO COMPLAINT

Defendants, Cash Money Records, Inc., Ronald Williams, and Bryan Williams (collectively "Cash Money"), responds to the Complaint filed by plaintiffs, WB Music Corp., Warner-Tamerlane Publishing Corp., Cotillion Music, Inc., Noontime Tunes and W.B.M. Music Corp., as follows:

## ANSWER[1]

1.

*Made plaintiffs herein are:*

---

[1] For the Court's convenience, the allegations in each paragraph of the Complaint appear in italics before Cash Money's response.

A.   *WB Music Corp., a California corporation with its principal place of business in California.*

B.   *Warner-Tamerlane Publishing Corp., a California corporation with its principal place of business in California.*

C.   *Cotillion Music, Inc., a Delaware corporation with its principal place of business in California.*

D.   *Noontime Tunes, a Georgia corporation with its principal place of business in Georgia.*

E.   *W.B.M Music Group, a Delaware corporation with its principal place of business in California.*

Cash Money denies the allegations of Paragraph 1 of the Complaint for lack of

information sufficient to justify a belief therein.

2.

*Made defendants herein are:*

a.   *Cash Money Records, Inc., is a Louisiana corporation with its principal place of business and doing business in this district but is not in good standing as it has failed to file an annual report since August 12, 2005.*

b.   *Ronald Williams is a person of the full age of majority and a citizen and resident of the State of Louisiana.*

c.   *Bryan Williams is a person of the full age of majority and a citizen and resident of the State of Louisiana.*

Cash Money denies the allegations of Paragraph 2 of the Complaint except to

admit that they have been made Defendants herein.

## **JURISDICTION**

3.

*This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1331 as the suit arises under the laws of the United States, particularly, United States copyright law, and pursuant to 28 USC § 1332 as there is complete diversity of citizenship between the plaintiff and each of the defendants and the amount of controversy exceeds $75,000.00 exclusive of interest and costs.*

{N1763591.1}

The allegations of Paragraph 3 of the Complaint do not require a response from

Cash Money because they state a legal conclusion; however, in an abundance of caution,

Cash Money denies the allegations of Paragraph 3 of he Complaint.

## VENUE

4.

*Venue is appropriate in this district as substantial portion of the activities have taken place in and occurred in this district and defendants are citizens and residents of this district.*

The allegations of Paragraph 4 of the Complaint do not require a response from

Cash Money because they state a legal conclusion; however, in an abundance of caution,

Cash Money denies the allegations of Paragraph 4 of the Complaint.

## FACTUAL ALLEGATIONS

5.

*Plaintiffs own and/or administer copyrights of various songs and musical compositions which have been used, sampled, and/or published by Defendants both with and without licensing agreements with Plaintiffs.*

*The copyrights owned in whole of in part by Plaintiffs for which Defendants have a mechanical license include (collectively the "Licensed Works"):*

*Album: The Mind of Mannie Fresh*

*Songs:     1.    "Shake That Ass"*

*Album: Birdman*

*Songs:     1.    "Never Had Nothin"*

*2.    "How It Be"*

Cash Money denies the allegations of Paragraph 5 of the Complaint.

6.

*For numerous other works, Defendants and Plaintiffs have no formal agreement and Defendants have not served notice of their intent to obtain a compulsory license pursuant to 17 USC 115. The copyrights owned in whole or in part by Plaintiffs for*

*which Defendants have neither given notice of their intention to obtain a compulsory license nor negotiated a mechanical license include (collectively the "Infringed Works"):*

    *Album:  Tha Carter II*

        *Songs:*    *1.*    *Get Over (Sample Share)*

                                *2.*    *Get Over*

                                *3.*    *Tha Mobb*

                                *4.*    *Fly In*

                                *5.*    *Money on My Mind*

                                *6.*    *Fireman*

                                *7.*    *Mo Fire*

                                *8.*    *Best Rapper Alive*

                                *9.*    *Lock and Load*

                                *10.*   *Oh No*

                                *11.*   *Grown Man*

                                *12.*   *Hit Em Up*

                                *13.*   *Carter II*

                                *14.*   *Hustler Musik*

                                *15.*   *Receipt*

                                *16.*   *Shooter*

                                *17.*   *Weezy Baby*

                                *18.*   *I'm a Dboy*

                                *19.*   *Feel Me*

                                *20.*   *Fly*

    *Album:  Tha Carter II: Chopped & Screwed*

        *Songs:*    *1.*    *Get Over (Sample Share)*

                                *2.*    *Get Over*

    3.    *Tha Mobb*

    4.    *Fly In*

    5.    *Money on My Mind*

    6.    *Fireman*

    7.    *Mo Fire*

    8.    *Best Rapper Alive*

    9.    *Lock and Load*

    10.   *Oh No*

    11.   *Grown Man*

    12.   *Hit Em Up*

    13.   *Carter II*

    14.   *Hustler Musik*

    15.   *Receipt*

    16.   *Shooter*

    17.   *Weezy Baby*

    18.   *I'm a Dboy*

    19.   *Feel Me*

    20.   *Fly*

*Album:  500 Degreez*

    *Song:*    1.    *Way of Life (Sample)*

*Album:  Big Money Heavyweight:  Screwed & Chopped*

    *Songs:*   1.    *I'm a Dog/I'm Sorry*

              2.    *Down South*

              3.    *A Beautiful Life*

*Album:  Big Money Heavyweight*

*Songs:*   *1.*   *I'm a Dog/I'm Sorry*

        *2.*   *Down South*

*Album:  Hood Rich*

*Songs:*   *1.*   *Sunny Day*

        *2.*   *Da Man*

        *3.*   *Get High*

        *4.*   *I'm Comin'*

*Album:  Perfect Timing*

*Songs:*   *1.*   *Ride Tonight*

        *2.*   *Hot S\*\*T*

*Album:  Birdman*

*Songs:*   *1.*   *Fly in Any Weather*

        *2.*   *On the Rocks*

        *3.*   *Heads Up*

        *4.*   *Hustlas, Pimps & Thugs*

        *5.*   *Do That…. (Timing 5:01)*

        *6.*   *Ice Cold*

*Album:  Like Father, Like Son*

*Songs:*   *1.*   *Over Here Hustlin'*

        *2.*   *Stuntin' Like My Daddy*

        *3.*   *1st Key*

        *4.*   *Like Father, Like Son*

        *5.*   *You Ain't Know*

        *6.*   *Family Rules (Skit)*

        *7.*   *No What I'm Doin;*

        *8.    Don't Die*

        *9.    Ain't Worried Bout S\*\*T*

        *10.   Leather So Soft*

        *11.   Army Gunz*

        *12.   Protector (Skit)*

        *13.   Get that Money*

        *14.   No More*

        *15.   High*

        *16.   Kali Dro*

        *17.   All About That*

        *18.   Respect (Skit)*

        *19.   Shooter*

*Album: Do That....*

     *Songs:   1.   Do That...*

Cash Money denies the allegations of Paragraph 6 of the Complaint.

7.

*On June 26, 2007, Defendants acknowledged that their use of the above works created a debt in favor of Plaintiffs and they further acknowledged that debt by making one payment of $400,000.00.*

Cash Money denies the allegations of Paragraph 7 of the Complaint.

## **BREACH OF CONTRACT**

8.

*Pursuant to various agreements, Defendants have committee to pay mechanical licensing fees to Plaintiffs in connection with Defendants' use of the "Licensed Works". Among other things, the agreements require Defendants to account for their use of the works and to pay royalties to the Plaintiffs*

Cash Money denies the allegations of Paragraph 8 of the Complaint.

9.

*After notice was given to Defendants, they failed to make the requisite payments as required by the various agreements for the "Licensed Works" and have further failed to provide an appropriate accounting demonstrating precisely the amount owned.*

Cash Money denies the allegations of Paragraph 9 of the Complaint.

10.

*Defendants have provided no explanation for their refusal to honor the agreements and therefore, based on information and belief, Defendants' breach and misconduct is in bad faith.  As a result of Defendants' bad faith breach of contract, Plaintiffs are further entitled to consequential damages and attorneys fees.*

The allegations of Paragraph 10 of the Complaint do not require a response from

Cash Money because they state a legal conclusion; however, in an abundance of caution,

Cash Money denies the allegations of Paragraph 10 of the Complaint.

## COPYRIGHT INFRINGEMENT

11.

*At the time of their use of the "Infringed Works," Defendants knew that Plaintiffs owned or had an interest in the copyrights to each of the works.  Defendants' willful publication and use of the "Infringed Works" without license infringes on Plaintiffs' exclusive use of its copyrighted work.  Defendants are not entitled to a compulsory license over any of the "Infringed Works" as they have never served notice of their intent to use the works*

The allegations of Paragraph 11 of the Complaint do not require a response from

Cash Money because they state a legal conclusion; however, in an abundance of caution,

Cash Money denies the allegations of Paragraph 11 of the Complaint.

12.

*Plaintiffs seek lost profits for Defendants' use of these infringed works.  Although the exact gross sales figures are unknown due to Defendants' lack of accounting, the number of units sold exceeds 5,000,000.*

Cash Money denies the allegations of Paragraph 12 of the Complaint.

13.

*Plaintiffs are entitled to the recovery of their full costs and attorney's fees based on the Defendants' willful and intentional infringement of the Plaintiffs' copyrighted works.*

The allegations of Paragraph 13 of the Complaint do not require a response from

Cash Money because they state a legal conclusion; however, in an abundance of caution,

Cash Money denies the allegations of Paragraph 13 of the Complaint.

## DAMAGES AND RELIEF REQUESTED

14.

*Despite requests from Plaintiffs for a full and complete accounting, full payment has not been made and no accounting has been supplied.*

Cash Money denies the allegations of Paragraph 14 of the Complaint.

15.

*As a result of Defendants' failure [to] provide a complete and proper accounting for the "Licensed Works" and their failure to pay royalties for those works, Defendants have breached their contractual commitments to Plaintiffs. Defendants are indebted unto Plaintiffs for their breach of contract and bad faith breach of contract.*

The allegations of Paragraph 15 of the Complaint do not require a response from

Cash Money because they state a legal conclusion; however, in an abundance of caution,

Cash Money denies the allegations of Paragraph 15 of the Complaint.

16.

*Plaintiffs seek specific performance of the contracts in the form of a proper accounting for the songs and payment of appropriate royalties. Defendants' bad faith also necessitates the awarding of costs, attorney's fees and consequential damages in favor of Plaintiffs.*

The allegations of Paragraph 16 of the Complaint do not require a response from

Cash Money because they state a legal conclusion; however, in an abundance of caution,

Cash Money denies the allegations of Paragraph 16 of the Complaint.

17.

*As a result of Defendants' use of the "Infringed Works," Defendants have infringed upon the plaintiff's exclusive copyright. Plaintiffs are entitled to lost profits in the form of gross sales of units sold attributable to the "Infringed Works."*

The allegations of Paragraph 17 of the Complaint do not require a response from

Cash Money because they state a legal conclusion; however, in an abundance of caution,

Cash Money denies the allegations of Paragraph 17 of the Complaint.

18.

*At all times, Defendants knew that Plaintiffs were the owners of the "Infringed Works," but they willfully published and collected profits on these works without making appropriate payments to Plaintiffs. As a result of Defendants' willful infringement, Plaintiffs seek costs and attorney's fees.*

The allegations of Paragraph 18 of the Complaint do not require a response from

Cash Money because they state a legal conclusion; however, in an abundance of caution,

Cash Money denies the allegations of Paragraph 18 of the Complaint.

19.

*As the Defendants have shown continual disregard for the Plaintiffs' copyrights and because of the Defendants' continued willful breaches, Plaintiffs request injunctive relief in the form of an order enjoining Defendants from exploiting the "Licensed Works" and the "Infringed Works."*

The allegations of Paragraph 19 of the Complaint do not require a response from

Cash Money because they state a legal conclusion; however, in an abundance of caution,

Cash Money denies the allegations of Paragraph 19 of the Complaint.

## CORPORATE VEIL

20.

*On information and belief, Cash Money Records, Inc. has not been properly operated as a corporation. To the contrary, necessary corporate formalities have been completely ignored.*

The allegations of Paragraph 20 of the Complaint do not require a response from

10

Cash Money because they state a legal conclusion; however, in an abundance of caution,

Cash Money denies the allegations of Paragraph 20 of the Complaint.

21.

*Consequently, its individual owners, Ronald Williams and Bryan Williams are not entitled to be insulated from personal liability.*

The allegations of Paragraph 21 of the Complaint do not require a response from

Cash Money because they state a legal conclusion; however, in an abundance of caution,

Cash Money denies the allegations of Paragraph 21 of the Complaint.

22.

*As a result thereof, Plaintiffs are entitled to pierce the corporate veil so as to hold defendants, Ronald Williams and Bryan Williams, individually responsible for the obligations and debts of Cash Money Records, Inc.*

The allegations of Paragraph 22 of the Complaint do not require a response from

Cash Money because they state a legal conclusion; however, in an abundance of caution,

Cash Money denies the allegations of Paragraph 22 of the Complaint.

23.

*[erroneously numbered 22 in Complaint]*

*Based upon Plaintiffs' entitlement to penetrate the corporate veil, each of the individuals, Ronald Williams and Bryan Williams, is individually and personally responsible for the full amounts owed to the Plaintiffs.*

The allegations of Paragraph 23 of the Complaint do not require a response from

Cash Money because they state a legal conclusion; however, in an abundance of caution,

Cash Money denies the allegations of Paragraph 23 of the Complaint.

**WHEREFORE**, *Plaintiffs, WB Music Corp., Warner-Tamberlane Publishing Corp., Cotillion Music, Inc., Noontime Tunes and W.B.M. Music Corp., pray that this Complaint be filed and served and that after all due proceedings are had, there be judgment herein in their favor enjoining the Defendants from further exploiting the "Licensed and Infringed Works," ordering Defendants to provide an accounting and further awarding to Plaintiffs all sums due to Plaintiffs as a result of Defendants'*

11

copyright infringement, breach of contract and failure to pay royalties where due and owing. Plaintiffs also pray for all legal interest due from the date on which each such payment became due or as otherwise appropriate, plus all costs of these proceedings and, attorney's fees. Plaintiffs further pray for all such remedies which are available in law and equity and which are due under the premises.

The allegations of the "WHEREFORE" clause following Paragraph 23 of the Complaint merely state a prayer for relief and, as such, require no response from Cash Money; however, in an abundance of caution, Cash Money denies the allegations in the "WHEREFORE" clause following Paragraph 23 of the Complaint.

### DEFENSES

**AND NOW**, in further reply to Plaintiffs' Complaint, Cash Money asserts the following defenses thereto:

### First Affirmative Defense

Plaintiffs' claims are barred, in whole or part, by the doctrines of estoppel, laches and/or acquiescence.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the Copyright Act's statute of limitations.

### Third Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

Respectfully submitted,

*/s/ Coleman D. Ridley, Jr.*

COLEMAN D. RIDLEY, JR. (#25849)
MARK A. CUNNINGHAM (#24063)
MICHAEL B. DEPETRILLO (#31130)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue
New Orleans, Louisiana 70170
Telephone: (504) 582-8724
Telecopier: (504) 589-8724
cridley@joneswalker.com

Attorneys for Defendants, Cash Money
Records, Inc., Ronald Williams and Bryan
Williams

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2008, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael Richard Allweiss
mallweiss@lshah.com

Melvin V. Albritton
malbritton@lshah.com

*/s/ Coleman D. Ridley, Jr.*
Coleman D. Ridley, Jr.